IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SAND HILL FOUNDATION, LLC, | § | CASE NO. 10-90209 |
| | § | |
| SAND HILL PANOLA SWD #2 LLC, | § | CASE NO. 10-90210 |
| | § | |
| SAND HILL PANOLA SWD #5 LLC, | § | CASE NO. 10-90211 |
| | § | |
| Debtors | § | Chapter 11 |
| | § | Joint Administration Requested |

**DEBTORS' EMERGENCY MOTION FOR INTERIM AND
FINAL ORDER AUTHORIZING THE DEBTORS' USE OF
CASH COLLATERAL AND SCHEDULING FINAL HEARING**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APEAR AT THE HEARING, YOUR OBJECTION MEY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE JUDGE OF SAID COURT:

Sand Hill Foundation, LLC ("Sand Hill"), Sand Hill Panola SWD #2 LLC ("Sand Hill #2") and Sand Hill Panola SWD #5 LLC ("Sand Hill #5") debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby file this *Emergency Motion for Interim and Final Order Authorizing the Debtors' Use of Cash Collateral and*

1

*Scheduling Final Hearing* (the "Motion") pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtors respectfully represent as follows:

## I.

## PRELIMINARY STATEMENT

1. The Debtors are oil and gas service and oil field construction companies with ongoing, ordinary and necessary operating expenses. To avoid immediate and irreparable harm, and to maintain their viability as going-concern entities, the Debtors request interim authorization to use revenues obtained through operations and to pay their ordinary and necessary operating expenses as set forth on the Budget attached hereto as Exhibit A. These revenues could constitute alleged "cash collateral" (as that term is defined in the Bankruptcy Code) (the "Cash Collateral"). This Cash Collateral usage is subject to and within the limits imposed by the Budget and is necessary for the Debtors to maintain business relationships and confidence with its vendors, to satisfy other working capital and operational needs, including payroll, and to meet ongoing business expenses.

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. These matters concern the administration of these bankruptcy estates; accordingly, the matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 361 and 363 and Fed. R. Bankr. P. Rules 2002, 4001, and 6004 (the "Bankruptcy Rules").

## III.

## BACKGROUND

3. On may 25, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases and no committees have been appointed or designated.

6. The Debtors are oil and gas service and oil field construction companies. The Debtors' major areas of operations are located in East Texas, primarily in Shelby and Panola Counties in Texas.

**Operations**

7. The Debtors employ approximately 140 people, own numerous vehicles and equipment. The Debtors' operations require significant expenditures for payroll, fuel, parts and other operational needs. The Debtors' cash needs $1,614,800.00/month as reflected on the Budget attached hereto.

**Parties Claiming Interest in Cash Collateral**

8. The Debtors have entered into several commercial security agreements with Sabine State Bank & Trust Co. whereby Sabine State Bank & Trust Co. was granted security interests in accounts, rents, moneys, payments, general intangibles and proceeds therefrom. Debtors will supplement this Motion with a complete listing of the security agreements.

9. Debtor Sand Hill Foundation, LLC entered into a Factoring Agreement with Security Agreement with Power Funding, Ltd. whereby Power Funding, Ltd. was granted a

security interest in *inter alia* accounts, proceeds from the accounts, deposit accounts, general intangibles and proceeds therefrom.

**Cash Collateral**

10. Sabine State Bank & Trust Co. and Power Funding, Ltd. claim or could claim an interest in the revenue associated with the Debtors' operations – that is, "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents." The Debtors do not (and will not at this time) take a position regarding the validity, priority, and enforceability and/or extent of the claims and liens asserted by Sabine State Bank and/or Power Funding, and reserve all rights with respect to such issues.

## IV.

## **RELIEF REQUESTED AND BASIS THEREFOR**

11. By filing this Motion, the Debtors respectfully request permission from this Court to use Cash Collateral in which Sabine State Bank and/or Power Funding (collectively, the "Secured Creditors") asserts an interest from the Petition Date through, and including, a final hearing on this Motion (the "Interim Period"), and to provide the Secured Creditors with adequate protection to the extent of any diminution in value of their interest in the Cash Collateral. The attached Budget identifies estimates by the Debtors of their ordinary and necessary expenses to be incurred and paid during the next thirty (30) days. The Debtors expect to pay these ordinary and necessary expenses from cash on hand, including cash deposited in all bank accounts, and cash generated from operations. Payment of these ordinary and necessary expenses is crucial to the ongoing success of the Debtors and to the maximization of value to the estates and the creditors thereof.

12. The Debtors also respectfully request that this Court schedule that final hearing on a date that is no later than twenty-on (21) days after entry of an interim order approving this

4

Motion.  The Debtors also respectfully request that they be authorized to serve a copy of the entered interim order, which fixes the time and date of the filing of objections thereto, by first-class mail only to the (a) the United States Trustee; (b) counsel to the Debtors' prepetition lenders; (c) the twenty (20) largest unsecured creditors of the bankruptcy estate or members of any unsecured creditors' committee; (d) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; and (e) the Internal Revenue Service, and other governmental agencies required to receive notice under the Bankruptcy Rules or Local Rules.  The Debtors submit that no other or further notice need to be provided.  The Debtors request that this Court consider such notice of the final hearing to be sufficient notice under the Bankruptcy Rules.

13. Section 363(c) of the Bankruptcy Code provides that a debtor may use cash collateral if all interested entities consent or the court, after notice and a hearing, authorizes such use.  11 U.S.C. § 363(c)(2).  Section 363 (e) of the Bankruptcy Code requires that the use of cash collateral be prohibited or conditioned as is necessary to provide *adequate protection* to persons that have an interest in cash collateral.  11 U.S.C. § 363(3) (emphasis added); *In re DeSardi*, 340 BR. 790, 797-98 (Bankr. S.D. Tex. 2006) ("Adequate protection is … grounded in the belief that secured creditors should not be deprived of the benefit of their bargain.").  Read together, sections 363(c) and (e) of the Bankruptcy Code authorize a debtor to use the cash collateral of a secured creditor if such creditor's collateral is adequately protected. *See In re Harrington & Richardson, Inc.*, 48 B.R. 431, 433 (Bankr. D. Mass. 1985) (finding that the court may authorize the use of cash collateral upon a showing that those with an interest in the cash collateral are adequately protected); *In re Cert/led Corp.* 51 B.R. 768, 770 (Bankr. D. Haw. 1985) ("It is well established that a debtor is entitled to use cash collateral upon proof of adequate protection.").

14. Although the term "adequate protection" is not precisely defined in the bankruptcy Code, section 361 sets forth three-non-exclusive examples of what may constitute adequate protection: (1) periodic cash payments equivalent to decrease in value; (2) an additional or replacement lien on other property; or (3) other relief that provides the indubitable equivalent of an entity's interest in the property. *In re Timbers of Inwood Forest Associates, Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986); *In re Curtis*, 9 BR. 110, 111-112 (Bankr. E.D. Pa. 1981). "[T]he debtor-in-possession has the burden of proof on the issue of adequate protection." *In re Cafeteria Operators, L.P.*, 299 B.R. 400, 406 (Bankr. N.D. Tex. 2003).

15. As noted above, the Debtors believe that with the inflation of oil and gas prices, that their assets are currently worth in excess of $10 million. Accordingly, the Debtors believe that the Secured Creditors are adequately protected by its significant equity cushion. To the extent, however, the Court believes that more adequate assurance should be provided to the Secured Creditors, the Debtors are willing to provide such adequate assurance as the Court deems necessary, including but not limited to, replacement liens in the Debtors' property acquired postpetition.

16. Additionally, the Secured Creditor interests are adequately protected because the Cash Collateral will be used to pay for the ordinary and necessary expenses of maintaining and operating the Debtors' business operations, thereby preserving the value of the business and protecting all interests of the Secured Creditors (as well as the interests of other creditors) as set forth in the Budget. These expenditures will result in a stable and continuous stream of cash flow from the Debtors' revenues, thereby enhancing and preserving the value of the Debtors' operations and providing adequate protection to the Secured Creditors. *See In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 267 (Bankr. C.D. Cal. 1988) (finding that by committing cash collateral to pay operating expenses and to improve and maintain the property, the debtor has

substantially eliminated the risk of diminution of the secured creditor's interest in the cash collateral). Last, if the Court does not authorize the use of Cash Collateral to meet the Debtors' ordinary and necessary expenses, the Debtors will be unable to pay their postpetition operating expenses. The Debtors would then face the real possibility of losing valuable resources and a shutdown of its operations.

17. For the foregoing reasons, the Debtors' use of the Cash Collateral will not adversely impact the secured positions of the Secured Creditors. Accordingly, the Court should grant this Motion.

18. Bankruptcy Rule 4001(b) permits a court to approve the use of cash collateral during the 15-day period following the filing of a motion, "only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." FED. R. BANKR. P. 4001(b)(2). Here, the Debtors require access to cash collateral to, among other things, pay necessary operating expenses. If interim relief is not obtained, the Debtors' efforts to administer their estate for the benefit of all creditors and parties-in-interest, will be immediately and irreparably jeopardized. Accordingly, the Debtors request that, pending the final hearing on this Motion, the Court authorize the Debtors to immediately use the Cash Collateral in the amounts set forth in the Budget.

19. The Debtors also respectfully request that this Court schedule a final hearing authorizing use of Cash Collateral on a date that is no later than twenty-on (21) days after entry of an interim order approving the same. The Debtors also respectfully request that they be authorized to serve a copy of the entered interim order, which fixes the time and date for the filing of objections thereto, by first-class mail only pursuant to the limited service list. The Debtors request that this Court consider such notice of the Final Hearing to be sufficient notice under the Bankruptcy Rules.

20. The Debtors will work with the Secured Creditors to resolve issues related to the relief requested in this interim Motion and hope to have an agreed interim order at the time of the hearing on this Motion.

V.

**NOTICE**

21. No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (a) the United States Trustee; (b) counsel to the Debtors' prepetition lenders; (c) the twenty (20) largest unsecured creditors of the bankruptcy estate or members of any unsecured creditors' committee; (d) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; and (e) the Internal Revenue Service, the Securities and Exchange Commission, and other governmental agencies required to receive notice under the Bankruptcy Rules or Local Rules. The Debtors submit that no other or further notice need to be provided.

WHEREFORE, PREMISES CONSIDERED, the Debtors pray that this Court enter an order granting the relief requested herein and awarding the Debtors such other and further relief as the Court may deem just and proper.

Dated: June 1, 2010.

    Respectfully submitted,

    OPPEL, GOLDBERG & WILLIAMS, P.L.L.C.

    By: */s/ Jeffrey Wells Oppel*
        Jeffrey Wells Oppel
        TSBN 15291800
    1010 Lamar Suite 1420
    Houston, TX 77002
    (713) 659-9200
    (713) 659-9300 (Fax)

ATTORNEYS FOR DEBTORS
SAND HILL FOUNDATION, LLC,
SAND HILL PANOLA SWD #2 LLC,
and SAND HILL PANOLA SWD #5 LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of June, 2010, true and correct copies of the foregoing instrument were served on all parties on the attached service list by first class US mail, postage prepaid. Service on known Filing Users will automatically be accomplished through Notice of Electronic Filing as contemplated by this Court's Administrative Procedures for Electronic Filing.

*/s/ Jeffrey Wells Oppel*
Jeffrey Wells Oppel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

IN RE: §
SAND HILL FOUNDATION, LLC, § CASE NO. 10-90209
SAND HILL PANOLA SWD #2 LLC, § CASE NO. 10-90210
SAND HILL PANOLA SWD #5 LLC, § CASE NO. 10-90211
         Debtors § Chapter 11
§ Joint Administration Requested

## SERVICE LIST

| U.S. Trustee | Debtor(s) | |
|---|---|---|
| Timothy W. O'Neal | Sand Hill Foundation, LLC | |
| Assistant U.S. Trustee | Sand Hill Panola SWD #2 | |
| Office of The United States Trustee | Sand Hill Panola SWD #3 | |
| Bank of America Building | P.O. Box 1661 | |
| 110 North College Avenue, Rm. 300 | Center, TX 75935-1661 | |
| Tyler, Texas 75702 | | |
| ------------------- | David Lacy Pybus | Rycar Investments, LLC |
| Sabine State Bank & Trust Co., Inc | Attorney for Bass Drilling, Inc. | 620 State Highway 87 North |
| P.O. Box 670 | Preis & Roy | Center, TX 75935 |
| Many, LA 71449 | 601 Poydras, Suite 1700 | |
| | New Orleans, LA 70130 | |
| Patrick Kelley | William R. Sudela | Evergreen Tank Solutions |
| Attorney for J. Gregg Pritchard | Atty. for Cudd Pressure Control, Inc. | PO Box 840600 |
| Ireland, Carrol & Kelley, PC | Crady, Jewett & McCulley, LLP | Dallas, TX 75284-0600 |
| 6101 S. Broadway, Suite 500 | 2727 Allen Parkway, Suite 1700 | |
| Tyler, TX 75703 | Houston, TX 77019 | |
| Little Nut Oil Co. | Fluid Disposal Specialties, Inc. | Internal Revenue Service |
| 344 Klondike St. | PO Box 2850 | Ogden, UT 84201-0039 |
| Carthage, TX 75633 | Ruston, LA 71273-2850 | |
| Waukesha-Pearce Industries, Inc | Panola County Tax Office | White Shaver, PC |
| 3106 Hwy 42 N. | 110 S. Sycamore, Room 211 | 205 W. Locust |
| Kilgore, TX 75662 | Carthage, TX 75633 | Tyler, TX 75702 |
| | CCLA, LLC | |
| G&K Services Co. | Attn: Clay Keath | Galyean Equipment Co., Inc. |
| PO Box 2131 | PO Box 3223 | PO Box 1686 |
| Coppell, TX 75019-8131 | Lufkin, TX 75903 | Henderson, TX 75653-1686 |
| | Hertz Equipment Rental Corp. | |
| Scott Construction Equipment Co. | Attn: Wendy, Acc. Rep | Omni Industrial Solutions LLC |
| PO Box 7827 | PO Box 650280 | 7031 Bryce Canyon Ave. |
| Shreveport, LA 71137-7827 | Dallas, TX 75265-0280 | Greenwell Springs, LA 70739 |
| Shreveport Mack Sales, Inc. | Oilfield Innovators Limited LLC | Ml Swaco |
| PO Box 5857 | 315 South College Rd., Suite 285 | 5750 LA Hwy 90 East |
| Bossier City, LA 71171 | Lafayette, LA 70503 | Broussard, LA 70518 |

1

| | | |
|---|---|---|
| CC Forbes Company LP<br>PO Box 250<br>Alice, TX 78333 | Frank Hemm Associates<br>5375 E. Loop 281 S.<br>Longview, TX 75602 | Express Energy Svcs. Operating LP<br>PO Box 975401<br>Dallas, TX 75397-5401 |
| Pro-Test, Inc.<br>454 FM 1252 E.<br>Kilgore, TX 78662 | T-3 Energy Services<br>7345 Julie Frances Rd.<br>Shreveport, LA 71129 | Caterpillar Financial Services<br>PO Box 730681<br>Dallas, TX 75373 |
| HF Oilfield Supply LLC<br>117 South Shelby St.<br>Carthage, TX 75633 | CNH Capital America LLC<br>PO Box 0507<br>Carol Stream, IL 60132-0507 | Enviro-Vac, Ltd.<br>701 N. First St., Suite 109<br>Lufkin, TX 75901 |
| Citizens State Bank<br>Box 380<br>Tenaha, TX 75974 | GE Capital<br>PO Box 740425<br>Atlanta, GA 30374-0425 | Henry & Patricia Twomey<br>432 CR 429<br>Tenaha, TX 75974 |
| Ford Credit<br>PO Box 650575<br>Dallas, TX 75265-0575 | Komatsu Financial<br>PO Box 9303<br>Chicago, IL 60693-9303 | Power Funding, Ltd.<br>815 Rice Rd.<br>Tyler, TX 75703 |
| Holt Cat<br>PO Box 207916<br>San Antonio, TX 78220-7916 | Sabine State Bank & Trust Co., Inc.<br>PO Box 670<br>Many, LA 71449 | Volvo Financial Services<br>PO Box 7247-0236<br>Philadelphia, PA 19170-0236 |
| Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 | United States Attorney's Office<br>350 Magnolia Avenue, Suite 150<br>Beaumont, TX 77701-2248 | |

-----------------------------------------  -----------------------------------------------  -----------------------------------------------

<u>Parties Requesting Service</u>

| | | |
|---|---|---|
| Andrew Dylan Wood<br>Attorney for Panola County<br>PO Box 165001<br>Austin, TX 78716 | Patrick Kelley<br>Ireland, Carroll & Kelley, P.C.<br>6101 S. Broadway, Suite 500<br>Tyler, TX 75703 | John P. Dillman<br>Linebarger Goggan Blair & Sampson<br>PO Box 3064<br>Houston, TX 77253-3064 |