RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646
SCOTT A. RITCHESON
State Bar No. 16942500
ATTORNEYS FOR POWER FUNDING, LTD.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SAND HILL FOUNDATION, LLC | § § | CASE NO. 10-90209 |
| SAND HILL PANOLA SWD #2 LLC, | § § | CASE NO. 10-90210 |
| SAND HILL PANOLA SWD #5 LLC, | § § | CASE NO. 10-90211 |
| DEBTORS | § § § § | Joint Administered Under 10-90209 CHAPTER 11 |

**MOTION TO ESTABLISH DEADLINE FOR DEBTOR TO
ASSUME OR REJECT EXECUTORY CONTRACT**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Power Funding, Ltd. ("Power Funding") filing this its Motion to Establish Deadline for Debtor to Assume or Reject Executory Contract and would respectfully show the Court the following:

1. The Court has jurisdiction under 11 U.S.C. §1334. This is a proceeding arising in a case under Title 11 of the United States Code. This is a core proceeding. 11 U.S.C. §157(b)(2)(A) and (O).

2. On April 2, 2010, Power Funding and Sand Hill Foundation, LLC ("Debtor") entered into a Factoring Agreement with Security Agreement, a copy of which is attached hereto as Exhibit "1" (the "Agreement"). The Agreement included terms and conditions under which Debtor agreed to sell and Power Funding agreed to purchase, Debtor's accounts receivable (the "Accounts"). The purchase and sale of Accounts was an "account purchase transaction" within the meaning of Texas Finance Code §306.103.

3. The Agreement is an executory contract.

4. The Agreement included terms and conditions imposing obligations on Debtor, including the following:

> "Factor has an option to purchase any or all of Seller's Accounts. Seller shall submit to Factor all of its Accounts for Factor's consideration. Factor's option to purchase and Seller's duty to submit shall continue the later to occur of a) the termination of this Agreement, or b) the payment, in full, of all obligations owed by Seller to Factor under this Agreement."

5. After Debtor and Power Funding enter into the Agreement, Power Funding purchased numerous Accounts from Debtor. Under the terms of the Agreement, a Reserve Fund was established and held by Power Funding.

6. On May 25, 2010, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Petition Date"). Debtor operates its ongoing business affairs as a debtor-in-possession.

7. Debtor advised Power Funding immediately after the Petition Date, that Debtor no longer intended to sell its Accounts to Power Funding. In fact, no Accounts have been sold by Debtor to Power Funding after the Petition Date.

8. Debtor is in default under the terms of the Agreement for its failure to sell Accounts to Power Funding post-petition. If Debtor intends to assume the Agreement, Debtor is required (at the time of any assumption) to cure or provide adequate assurance that Debtor would promptly cure any such default. 11 U.S.C. §365(b)(1).

9. Debtor may assume or reject the Agreement at any time before confirmation of a plan, but the Court, on request of any party to the Agreement, may order Debtor to determine within a specified period of time whether to assume or reject the Agreement. 11 U.S.C. §365(d)(2).

10. The Agreement establishes a limit on the aggregate Accounts to be purchased by Power Funding of $1,000,000.00. The continued availability of that limit, without a determination that the Agreement has been rejected, has the effect of limiting Power Funding's available capital for use for other purposes. Consequently, Power Funding is harmed by any further delay.

11. Power Funding requests that this Court enter an order setting a deadline that the Agreement must either be assumed or rejected by no later than September 30, 2010.

WHEREFORE PREMISES CONSIDERED, Power Funding respectfully requests that this Court enter its Order Directing that Debtor either Accept or Reject the Agreement on or before September 30, 2010 and for such other and further relief to which Power funding may be justly entitled to receive.

Respectfully submitted,

RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646

BY: /s/ Scott A. Ritcheson
   SCOTT A. RITCHESON
   STATE BAR NO. 16942500

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served electronically or via 1st class mail, postage prepaid, to the following and to the attached mail matrix:

Sand Hill Foundation, LLC
P.O. Box 1661
Center, Texas 75935

Jeffrey Wells Oppel
Oppel, Goldberg & Williams, PLLC
1010 Lamar, Ste. 1420
Houston, Texas 77002

Timothy W. O'Neal
Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX 75702

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

on this the 24th day of August, 2010.

/s/ Scott A. Ritcheson

SCOTT A. RITCHESON

F:\Client\Scott's Clients\PowerFunding\Sand Hill Foundation\Motion to Establish Deadline for Debtor to Accept or Reject Executory Contract.wpd