IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| Sand Hill Foundation, LLC | § | Case No. 10-90209 |
| P.O. Box 1661 | § | |
| Center, TX 75935 | § | |
| Tax ID / EIN: xx-xxx2704 | § | |
| | § | |
| Sand Hill Panola SWD #2 LLC | § | Case No. 10-90210 |
| P.O. Box 837 | § | |
| Center, TX 75935 | § | |
| Tax ID / EIN: xx-xxx0136 | § | |
| | § | |
| Sand Hill Panola SWD #5 LLC | § | Case No. 10-90211 |
| P.O. Box 837 | § | |
| Center, TX 75935 | § | |
| Tax ID / EIN: xx-xxx0409 | § | **Jointly administered** |
| | § | **under 10-90209** |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | |

## OBJECTION TO DEBTOR'S MOTION SEEKING
## EXTENSION OF EXCLUSIVITY FOR TIME
## TO FILE PLAN AND DISCLOSURE STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Official Committee of Unsecured Creditors (the "Committee") in the
above styled and numbered cause and files this its Objection (the "Objection") to the Debtor's
Motion Seeking Extension of Exclusivity for Time to File Plan and Disclosure Statement (the
"Motion") and shows as follows:

### SPECIFIC RESPONSES

1.     The Committee admits the allegations contained in paragraph 1.

2.     The Committee objects to the proposed actions in paragraph 2

and denies that the Debtor is entitled to an extension of 120 days to file a Plan and an extension

of 180 days to obtain acceptance of the Plan.

3.     In response to paragraph 3, the Committee does not deny that the Debtors have remained as debtors in possession since the inception of their bankruptcy.  The Committee does not deny that payment of their debts will aid the debtor's reorganization.

4.     The Committee admits that paragraph 4 is an accurate statement of the law.

5.     The Committee objects to the allegations in paragraph 5 that cause exists to extend the Debtor's exclusivity period.  The Committee believes that the Debtors should be able to file a plan and have it approved within the original 120 day period, and that to extend the time period of exclusivity an additional 120 days would be excessive and harmful.   The Debtors have had ample time to file a plan and have not done so, and allowing them an extension of 120 more days will cause harm to the estate and its creditors.    The operating conditions of the Debtors have worsened in several ways, as seen in their August 2010 Monthly Operating Report: (1) Cash balances dropped from $515,000 to $128,000; (2) Gross Revenues dropped from $2,036,242 to $1,507,126; (3) Costs of goods rose from $411,000 to $482,000, despite the fact that gross revenues dropped; and (4) Gross Profit dropped from $1.6 million to $1 million, and net profit went from $471,000 to a loss of $373,000 for a monthly swing to the negative of $800,000.   These worsening conditions lead the Committee to conclude that an extension of time to file a plan would harm the estate.

6.     The Committee objects to the statement in paragraph 6, and urges the Court to find that the Debtors be required to file a confirmable plan within the original time limit or terminate the Debtor's exclusivity.

7.     The Committee does not admit or deny the allegations contained in paragraph 7.

Wherefore, the Committee requests that the relief requested in the Motion be denied and for such other and further relief to which it may be entitled.

Respectfully submitted,

**SEARCY & SEARCY, P.C.**
PO Box 3929
Longview, Texas 75606
Tel. 903 757 3399
Fax. 903 757 9559

By: /s/ *Jason R. Searcy*
Jason R. Searcy
SB # 17953500

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the above and foregoing was served via electronic notice to each person requesting such notice under the ECF filing system in the Eastern District of Texas on this the 6th day of October 2010.

/s/ *Jason R. Searcy*
Jason R. Searcy